IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LaALBERT MONTRELL POWE**                                                  **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 1:16cv96-LG-RHW**

**JACQULENE BANKS,** *et al*.                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case came before the Court for a duly noticed *Spears*/omnibus hearing scheduled for Wednesday, June 29, 2016 at 9:30 a.m., before United States Magistrate Judge Robert H. Walker at the United States Courthouse in Gulfport, Mississippi.  The docket reflects, and the Court finds that on May 16, 2016, Deputy Clerk Sandra Ryan properly notified LaAlbert Montrell Powe of the hearing by mailing notice thereof to his address of record on that date.[1]  The mailed notice has not been returned as undeliverable, and is presumed to have been received by Powe.

Since Powe filed this action on March 14, 2016, the Court has repeatedly warned him that his failure to keep the Court apprised of his current address or to comply with any order of the Court might result in dismissal of his lawsuit.  See, Orders [3], [5], [6], [8] and [11].  However, when the Court convened for the scheduled hearing, Powe failed to appear as ordered.  Defense Counsel from the Mississippi Attorney General's Office appeared for the hearing at the appointed time.

## RECOMMENDATION

The undersigned recommends that this case be dismissed due to Plaintiff's failure to appear as ordered for the scheduled *Spears*/omnibus hearing on June 29, 2016.

---

[1] On April 27, 2016 Powe notified the Court of his change of address to a free-world address. [9]

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation.  The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Court need not consider frivolous, conclusive, or general objections.  An opposing party has seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections.  Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 29th day of June, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE