IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LaALBERT MONTRELL POWE**                                    **PLAINTIFF**

**v.**                                      **CAUSE NO. 1:16CV96-LG-RHW**

**JACQULENE BANKS, et al.**                                 **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the Report and Recommendation [16] entered by United States Magistrate Judge Robert H. Walker.  Judge Walker recommends that this lawsuit be dismissed due to the plaintiff LaAlbert Montrell Powe's failure to appear at an omnibus hearing.  Powe was served with a copy of the Report and Recommendation on July 6, 2016, but he did not file an objection and the time for doing so has expired.  After reviewing the Report and Recommendation, the record in this matter, and the applicable law, the Court finds that the Report and Recommendation should be adopted as the opinion of this Court and this lawsuit should be dismissed without prejudice.

## DISCUSSION

On March 14, 2016, Powe filed this lawsuit alleging that he was assaulted by fellow inmates at South Mississippi Correctional Institute due to prison officials' breach of prison policies.  He was released from prison less than a month after filing the lawsuit.  Powe was provided with notice that an omnibus hearing before Judge Walker would be held on May 16, 2016, but he did not appear at the hearing.  As a result, Judge Walker issued the present Report and Recommendation recommending dismissal of this lawsuit due to Powe's failure to appear.  Powe

received a copy of the Report and Recommendation on July 6, 2016, but he did not file an objection.

Where no party has objected to the Magistrate Judge's report and recommendation, the Court need not conduct a *de novo* review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") In such cases, the Court need only satisfy itself that there is no clear error on the face of the record. *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

Having conducted the required review, the Court finds that Judge Walker's Report and Recommendation is neither clearly erroneous nor contrary to law. This Court has authority to dismiss an action due to the plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, so as to achieve the orderly and expeditious disposition of cases. *See Link*, 370 U.S. at 629-30. Powe has not filed any pleadings or otherwise communicated with this Court since April 27, 2016. He did not appear at a scheduled hearing in this matter, and he did not object to Judge Walker's recommendation that this case should be dismissed. It is apparent that Powe has

abandoned his lawsuit.  Therefore, the Court finds that the Report and Recommendation entered by Judge Walker should be adopted as the opinion of this Court and this case should be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [16] entered by United States Magistrate Judge Robert H. Walker is **ADOPTED** as the opinion of this Court.  This lawsuit is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 18th day of July, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE